Filed 10/6/25  P. v. Aguirre CA2/4
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JOSE PHILLIP AGUIRRE,<br><br>　　　Defendant and Appellant. | B342033<br><br>Los Angeles County<br>Super. Ct. No. TA087922 |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Reversed and remanded for an evidentiary hearing.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

In 2008, a jury convicted Defendant-Appellant Jose Aguirre of murder under the provocative act doctrine.  In 2019, Aguirre sought resentencing relief under former Penal Code section 1170.95 (now section 1172.6).[1]  The trial court denied Aguirre relief, and a different panel of this court affirmed the order denying relief, concluding among other things that the statute at that time, by its express terms, only extended relief to individuals convicted of murder under the felony murder rule or natural and probable consequences doctrine.

In 2024, after the Legislature amended the statute to extend relief to individuals convicted of murder under any "theory under which malice is imputed to a person based solely on that person's participation in a crime" (§ 1172.6, subd. (a)), Aguirre filed a new section 1172.6 resentencing petition, arguing that he is entitled to relief because his murder conviction under the provocative act doctrine was based on imputed malice.  The trial court summarily denied the petition without appointing counsel, explaining that Aguirre's arguments were previously addressed in prior rulings and he was not entitled to successive petitions.  Aguirre now appeals the summary denial of his petition.

On appeal, the parties agree that because the jury instructions at Aguirre's trial allowed the jury to convict him of murder without finding he harbored malice, and in light of our Supreme Court's recent holding that petitioners with pre-2009 murder convictions under the provocative act doctrine are not categorically ineligible for section 1172.6 relief (*People v. Antonelli* (2025) 17 Cal.5th 719, 727–731 (*Antontelli*)), the trial

---

[1]     All undesignated statutory references are to the Penal Code.

court's order denying relief should be reversed and the matter remanded for further proceedings. We agree with the parties that remand is warranted.

## FACTUAL BACKGROUND

The following facts are taken from this court's opinion in case number B307367, which is contained in the current record on appeal. We include these facts solely to provide background and context for the parties' arguments, and do not rely on them to resolve the purely legal issues presented in this appeal. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 222, fn. 2.)

"In November 2006, appellant, along with David Edward Santos and Anthony Gurule, went to the house of Walter Dominguez to extort money from him. [Citation.] After Dominguez refused their demand, Gurule punched him, and Dominguez drew a gun. [Citation.] In response, Santos drew his gun and it discharged. [Citation.] In the ensuing melee, Dominguez shot and killed Gurule, Dominguez shot appellant, and appellant shot Dominguez."

## RELEVANT LAW

### Penal Code section 1172.6

In 2018, the Legislature, through Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015), amended section 188 to eliminate the natural and probable consequences doctrine as it applies to murder and to require, with certain exceptions under the felony murder rule, that a defendant act with malice to be convicted of murder. (§§ 188, subd. (a)(3) & 189, subd. (e).) In 2021, through Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551), the Legislature clarified that the amendments

3

made by Senate Bill No. 1437 were also intended to eliminate any other theory of imputed-malice murder liability. (See § 1172.6, subd. (a).)

Under section 1172.6, a defendant who was convicted of imputed-malice murder must attest to the following: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . murder . . . under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial . . . at which the petitioner could have been convicted of murder . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . [under current law]." (§ 1172.6, subd. (a)(1)–(3).)

Upon receipt of a facially sufficient petition, the trial court "shall appoint counsel" for petitioner if requested. (§ 1172.6, subd. (b)(3).) The trial court then assesses whether the petitioner is prima facie eligible for relief. (§ 1172.6, subd. (c); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) If the court determines that the petitioner has made a prima facie showing of eligibility for relief, the court must issue an order to show cause and hold an evidentiary hearing at which the prosecution bears the burden "to prove, beyond a reasonable doubt, that the petitioner is guilty of murder" under current law. (§ 1172.6, subds. (c), (d)(3).)

**Provocative Act Doctrine**

"[O]ver 50 years ago, the provocative act doctrine was originally explained as follows, 'When the defendant *or his accomplice*, with a conscious disregard for life, intentionally commits an act that is likely to cause death [the "provocative act"], and his victim or a police officer kills in reasonable

4

response to such act, the defendant is guilty of murder.  In such a case, the killing is attributable, not merely to the commission of a felony, but to the intentional act of the defendant *or his accomplice* committed with conscious disregard for life.'" (*Antonelli*, *supra*, 17 Cal.5th at pp. 727–728, original italics.) "Thereafter, [the Supreme Court] repeatedly confirmed that the provocative act doctrine is a theory of *vicarious liability* for murder; an accomplice to a felony could 'be vicariously responsible for any killing [except where the decedent is the sole provocateur] attributable to the intentional acts of his associates committed with conscious disregard for life, and likely to result in death.'" (*Id.* at p. 728, original italics.)

As noted above, in *Antonelli*, our Supreme Court recently clarified that petitioners who were convicted of provocative act murder prior to 2009 are not categorically ineligible for section 1172.6 relief.  (*Antonelli*, *supra*, 17 Cal.5th at pp. 722–723, 727–731.)[2]  The *Antonelli* court explained that, prior to its decision in *People v. Concha* (2009) 47 Cal.4th 653, "our case law on provocative act murder 'imposed culpability on all perpetrators of the underlying crime so long as the provocateur acted with malice, and did so in furtherance of the common criminal design,' provided that the deceased was not the sole provocateur." (*Antonelli*, at p. 730.)  Because "a jury could have imputed malice to a nonprovocateur defendant" under pre-*Concha* precedent, such a defendant would not be "categorically ineligible for section 1172.6 relief." (*Antonelli*, at p. 731.)

---

[2]     As mentioned above, Aguirre was convicted of provocative act murder in 2008.

5

## DISCUSSION

We review de novo a trial court's determination of whether a petitioner has made a prima facie showing of eligibility for section 1172.6 relief. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) Applying this standard, we conclude that Aguirre's record of conviction demonstrates he is prima facie eligible for section 1172.6 relief. (See *Lewis*, *supra*, 11 Cal.5th at p. 971 ["The record of conviction will necessarily inform the [ ] prima facie inquiry under section [1172.6]"].)

The jury instructions given at Aguirre's trial allowed the jury to convict him of murder based solely on his participation in attempted extortion without finding that he personally harbored malice. The trial court instructed the jury, using CALCRIM No. 561, that it could find Aguirre guilty of provocative act murder if the following elements were true: (1) appellant was an accomplice of his codefendant Santos in the crime of attempted extortion; (2) Santos intentionally did a provocative act while committing that crime; (3) Santos knew that the natural and probable consequences of his act were dangerous to human life but acted with conscious disregard for life; (4) in response to Santos's provocative act, the victim of the attempted extortion (Dominguez) killed the other accomplice to the attempted extortion (Gurule); and (5) that accomplice's death was the natural and probable consequence of Santos's provocative act.

In other words, although the instructions required the jury to find that Santos harbored malice, they also allowed the jury to convict Aguirre of murder based solely on his participation in attempted extortion without finding he personally harbored malice. Because the provocative act doctrine instructions allowed the jury to convict Aguirre of imputed-malice murder, the record

6

demonstrates he is prima facie eligible for section 1172.6 relief. We therefore agree with Aguirre that his case should be remanded to the trial court for an evidentiary hearing. (§ 1172.6, subds. (c) & (d)(3).)[3]

---

[3] Because Aguirre's current resentencing petition is based in part on changes in the law enacted by Senate Bill No. 775 and recently clarified by our Supreme court in *Antonelli*, we conclude that this successive petition is not barred by collateral estoppel principles. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 949–951 ["Here, because appellant's 2020 petition was based on new authority which challenged the primary ground for the superior court's summary denial of his 2019 petition, the 2020 petition was not procedurally barred as a successive petition"].) Additionally, because we conclude remand is warranted under state statutory law, we need not address Aguirre's contention that the trial court proceedings violated his rights to due process under the federal and California Constitutions.

## DISPOSITION

The order denying Aguirre section 1172.6 relief is reversed, and the case is remanded to the trial court with instructions to appoint counsel for Aguirre, issue an order to show cause, and hold an evidentiary hearing under subdivision (d) of the statute. We express no opinion on the ultimate outcome of that hearing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

TAMZARIAN, J.

We concur:

COLLINS, Acting P.J.

MORI, J.

8